**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARY D. LINICH,

               Plaintiff - Appellant,

   v.

BROADSPIRE SERVICES, INC.;
TOWERS PERRIN LONG-TERM
DISABILITY PLAN,

               Defendants - Appellees.

No. 09-15830

D.C. No. 2:05-cv-02983-MHM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Mary H. Murguia, District Judge, Presiding

Argued and Submitted April 14, 2010
San Francisco, California

Before: SCHROEDER and RAWLINSON, Circuit Judges, and MOODY, Judge.[**]

In this appeal governed by the Employee Retirement Income Security Act of

1974 (ERISA), Appellant Mary Linich (Linich) challenges the district court's grant

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable James Maxwell Moody, United States District Judge for the Eastern District of Arkansas, sitting by designation.

of summary judgment in favor of Appellee Broadspire Services, Inc. (Broadspire), the claims manager for Linich's employer, Towers Perrin, after denial of Linich's claim for long-term disability (LTD) benefits.

1.     The district court properly applied the abuse of discretion standard. The Plan did not limit Towers Perrin's power to delegate fiduciary responsibilities to Broadspire pursuant to a service agreement, which provided Broadspire with the discretionary authority to interpret the Plan's terms and determine LTD benefits. *See Madden v. ITT Long Term Disability Plan for Salaried Employees*, 914 F.2d 1279, 1283-85 (9th Cir. 1990) (recognizing delegation through a Claims Administration Agreement).

2.     The district court properly rejected Linich's speculative evidence of a conflict of interest. *See LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1136 (9th Cir. 2009) ("While we must draw all reasonable inferences in favor of the non-moving party, we need not draw inferences that are based solely on speculation.") (citations omitted).

3.     Although Broadspire's initial denials of continued LTD benefits was

2

arbitrary and an abuse of discretion because it failed to consider all available medical documents, Broadspire's review of Linich's two appeals comported with ERISA's requirements. Even though Broadspire did not explicitly mention Linich's award of social security benefits, Broadspire fully and fairly reviewed the complete medical record of Linich's cognitive and physical conditions, and specifically rejected the opinions of Linich's treating physicians. Broadspire's decision also comported with the Plan's terms, as it delineated its reasons for denying Linich's claim. *See Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 972 (9th Cir. 2006) (en banc) ("When an administrator can show that it has engaged in an ongoing, good faith exchange of information between the administrator and the claimant, the court should give the administrator's decision broad deference notwithstanding a minor irregularity.") (citations and internal quotation marks omitted); *see also Montour v. Hartford Life & Accident Ins. Co.*, 588 F.3d 623, 629 (9th Cir. 2009), *as amended* ("In the absence of a conflict, judicial review of a plan administrator's benefits determination involves a straightforward application of the abuse of discretion standard. In these circumstances, the plan administrator's decision can be upheld if it is grounded on *any* reasonable basis.") (citations and internal quotation marks omitted) (emphasis in the original).

3

**4.** Because Broadspire's initial denial of benefits was arbitrary and an abuse of discretion, *see Pannebecker v. Liberty Life Assurance Co. of Boston*, 542 F.3d 1213, 1221 (9th Cir. 2008) (noting that an administrator abuses its discretion when its decision is "substantively arbitrary or capricious, or . . . it fail[s] to comply with required procedures"), the district court should determine an award of partial benefits for the period between Broadspire's arbitrary denials of continued LTD benefits and its proper resolution of Linich's appeals. *See id.* ("[I]f an administrator terminates continuing benefits as a result of arbitrary and capricious conduct, the claimant should continue receiving benefits until the administrator properly applies the plan's provisions.") (citation omitted).

**AFFIRMED in part and REMANDED in part for an award of partial benefits.**